**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

Trent Baker
Baker & Associates PLLC
470 East 9th Avenue
Salt Lake City, Utah 84103
801-533-4095 direct line
trent@bakeriplaw.com

*Attorney for Plaintiff, EPIC TECHNOLOGY LLC*

| | |
|---|---|
| **EPIC TECHNOLOGY LLC** *Plaintiff,* v. **SHOPSAVVY INC.** *Defendant.* | **COMPLAIN FOR PATENT INFRINGEMENT** **JURY TRIAL DEMANDED** Civil Action No. _____ |

**COMPLAINT**

Plaintiff EPIC TECHNOLOGY LLC ("Epic") for its Complaint against Defendant SHOPSAVVY INC. ("Shop") states and alleges as follows:

**THE PARTIES**

1. Plaintiff Epic is a Utah company with a principal place of business at 470 East 9th Avenue Salt Lake City, Utah 84103.

2. Upon information and belief, Defendant Shop is a Texas corporation with its principal place of business at P.O Box 192629 Dallas, TX 75219-8524.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue in this district is proper under 28 U.S.C. §§ 1391 (b) - (c) and 1400(b) because Shop's contacts with this jurisdiction are sufficient to subject it to personal jurisdiction in this district.

5. The Court has person jurisdiction over Shop in this action because Shop has had, and continues to have, substantial, continuous and systematic contacts with the State of Utah and, this has purposefully availed itself of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of the laws of the State of Utah.

6. Upon information and believe, Shop regularly transacts business in this judicial district by, among other things, offering for sale and selling its mobile application through multiple Internet based mobile application stores.

## BACKGROUND FACTS

7. Epic owns all right, title and interest in U.S. Patent No. 7,917,401 (the "'401 patent").

8. The '401 patent, entitled titled "SYSTEMS AND METHODS FOR OBTAINING HEALTH AND FINANCIAL INFORMATION WITH A HANDHELD DEVICE" was duly and legally issued by the United States Patent and Trademark Office on March 29, 2011, after full and fair examination. A copy of the '401 patent is attached hereto as Exhibit A.

9. Shop sells and distributes a mobile application title SHOPSAVVY (hereby "Shop APP") available for download on multiple mobile computing devices.

## **CLAIM FOR RELIEF**

### **Infringement of Epic's '401 Patent**

10. Epic repeats and realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 9 of this Complaint.

11. Shop has willfully infringed and is continuing to willfully infringe the '401 patent by making, using, and offering to sell, and/or distributing in the United States, and/or importing into the Unites States, products that are encompassed by the claims of the '401 patent, by inducing others (e.g. Internet mobile application Shop stores and consumers) to infringe the '401 patent, and/or by contributing to others' (e.g. Internet mobile application Shop stores and consumers) infringement of the '401 patent. In particular, and without limitation, at least Shop's Shop APP product are encompassed by and infringe the claims of the '401 patent.

12. Upon information and belief, Shop had knowledge of the '401 patent as evidenced by an email from Mr. Muse on September 20, 2011 of the '401 patent attached as Exhibit B.

13. Upon information and belief, Shop will continue to willfully infringe the '401 patent unless enjoined by this court.

14. As a direct and proximate result of the acts of patent infringement by Shop, . Epic has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Epic is entitled to recover its reasonable and necessary fees and expenses

## PRAYER FOR RELIEF

WHEREFORE, Epic respectfully requests that the Court enter judgment:

A. Finding that Shop has infringed, and willfully infringed, the '401 patent;
B. Preliminarily and permanently enjoining Shop, its officers, agents, servants, employees, and all other in active concert or participation with them who receive action notice of said injunction, from infringing, contributing to the infringement of or inducing the infringement of the '525 Patent;
C. Awarding damages sustained by Epic by reason of Shop's infringement of the '401 patent, including but not limited a reasonable royalty, together with interest thereon, and such damages trebled pursuant to 35 U.S.C. 284.
D. Granting to Epic such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Epic asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues triable by a jury.

DATED: March 9, 2012

Respectfully submitted,

Trent Baker on behalf of EPIC TECHNOLOGY LLC
Trent H. Baker, *attorney for plaintiff*
BAKER & ASSOCIATES PLLC
Registered Patent Attorney
Creative people need creative attorneys™
470 East Ninth Avenue Salt Lake City, UT 84103 USA
Phone 801-533-4095 fax 801-665-1358
trent@bakeriplaw.com