**MASCHOFF GILMORE & ISRAELSEN**
C. J. Veverka (# 07110)
Rachel Jacques (#13250)
1441 West Ute Boulevard, Suite 100
Park City, UT 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361
E-mail: cveverka@mgiip.com
E-mail: rjacques@mgiip.com

**BELL, NUNNALLY & MARTIN, L.L.P.**
William J. Garrison *(pro hac pending)*
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204
Telephone: (214) 740-1483
Facsimile: (214) 740-5783
E-mail: billg@bellnunnally.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EPIC TECHNOLOGY, L.L.C., | |
| PLAINTIFF, | ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS |
| vs. | JURY TRIAL DEMANDED |
| SHOPSAVVY, INC., | Civil Case No. 2:12-cv-00249-SA |
| DEFENDANT. | Magistrate Judge Samuel Alba |

Defendant and counter-claimant ShopSavvy, Inc. ("ShopSavvy") files this its Answer, Affirmative Defenses and Counterclaims to the complaint ("Complaint") filed by plaintiff and counter-defendant Epic Technology, L.L.C. ("Epic").

**SHOPSAVVY, INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**                                                                                       PAGE 1

# SHOPSAVVY'S ANSWER

## THE PARTIES

1. ShopSavvy is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. ShopSavvy denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. ShopSavvy admits the allegations contained in Paragraph 3 of the Complaint.

4. ShopSavvy admits the allegations contained in Paragraph 4 of the Complaint.

5. ShopSavvy admits the allegations contained in Paragraph 5 of the Complaint.

6. ShopSavvy admits it offers its software application to residents of the State of Utah. ShopSavvy denies the remaining allegations contained in Paragraph 6 of the Complaint.

## BACKGROUND FACTS

7. ShopSavvy is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. ShopSavvy admits the Complaint has attached to it a copy of U.S. Patent No. 7,917,401 ("'401 Patent"). ShopSavvy denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. ShopSavvy admits it offers its software application for multiple computing devices. ShopSavvy denies the remaining allegations contained in Paragraph 9 of the Complaint.

## FIRST CAUSE OF ACTION – INFRINGMENT OF THE '401 PATENT

10. ShopSavvy incorporates by reference its admissions and/or denials to those allegations incorporated by reference in Paragraph 10 of the Complaint.

11. ShopSavvy denies the allegations contained in Paragraph 11 of the Complaint.

12. ShopSavvy admits the allegations contained in Paragraph 12 of the Complaint.

13. ShopSavvy denies the allegations contained in Paragraph 13 of the Complaint.

14. ShopSavvy denies the allegations contained in Paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

15. Paragraphs A-D of the Prayer for Relief section of the Complaint are in the nature of a prayer for relief to which no response is required.  To the extent a response is required, ShopSavvy denies the allegations contained in Paragraphs A-D of the Prayer for Relief and denies that Epic is entitled to any relief whatsoever, at law or in equity.

## JURY DEMAND

16. The demand for a jury trial is in the nature of a request to which no response is required.

## SHOPSAVVY'S AFFIRMATIVE DEFENSES

17. For further answer, if same be necessary, and while at all times denying liability, ShopSavvy asserts the following affirmative defenses to Plaintiff's claims:

### First Defense:  Noninfringement

18. ShopSavvy is not infringing and has not infringed, directly or indirectly, any valid and/or enforceable claims of the '401 Patent.

### Second Defense:  Prosecution History Estoppel

19. Epic's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

### Third Defense:  Amendment Estoppel

20. Epic's claims are barred in whole or in part by the doctrine of amendment estoppel.

### Fourth Defense:  Argument Estoppel

21. Epic's claims are barred in whole or in part by the doctrine of argument estoppel.

### Fifth Defense:  Equitable Estoppel

22. Epic's claims are barred in whole or in part by the doctrine of equitable estoppel.

### Sixth Defense:  Invalidity

23. Epic's claims are barred in whole or in part due to invalidity for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. §§ 101 *et seq.*, including without limitation §§ 101, 102, 103 and/or 112.

### Seventh Defense:  Marking and Notice

24. Epic's remedies are limited by 35 U.S.C. § 287.

### Eighth Defense:  Failure to State a Claim

25. Epic's claims are barred in whole or in part due to its failure to state a claim upon which relief can be granted.

### Ninth Defense:  Bad Faith

26. Epic's claims are barred in whole or in part because they are meritless, brought without valid grounds, in bad faith, and solely for the purpose of harassment.

### Tenth Defense:  Unclean Hands

27. Epic's claims are barred in whole or in part by the doctrine of unclean hands.

### Eleventh Defense:  Waiver

28. Epic's claims are barred in whole or in part due to waiver.

### Twelfth Defense:  Laches

29. Epic's claims are barred in whole or in part due to laches.

### Thirteen:  Reservation of Defenses

30. ShopSavvy presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated defenses.  As such, ShopSavvy reserves the right to assert additional defenses in the event that investigation and/or discovery reveal that additional defenses are appropriate.

### SHOPSAVVY'S COUNTERCLAIMS

ShopSavvy, by and through its attorneys, files the following counterclaims against Epic, and alleges upon knowledge as to its own acts and upon information and belief as to the acts of others as follows:

### PARTIES

31. ShopSavvy is a Delaware corporation with its principle place of business at 8350 N. Central Expressway, Suite 250, Dallas, Texas 75206.

32. Epic purports to be a Utah "company" with its principal place of business at 470 East 9th Avenue, Salt Lake City, Utah 84103.  Epic has already appeared in this matter and may be served through counsel.

## JURISDICTION AND VENUE

33. This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, the Declaratory Judgment Act, Title 28 of the United States Code, for a declaratory judgment of non-infringement and invalidity of certain patents.

34. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331.

35. Venue is proper in this district pursuant to the provisions of 28 U.S.C. §§ 1391(b).

## FACTS

36. ShopSavvy owns and markets to the public a software application named, "ShopSavvy." The application enables a person, employing his or her device, to use a product's bar code to gain competitive pricing information regarding the subject product. The "ShopSavvy" application assists a consumer in gaining the best available pricing in the marketplace.

37. ShopSavvy's application does not infringe upon any existing patents issued by the United States Patent and Trademark Office.

## COUNTERCLAIM ONE – DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '401 PATENT

38. Each of the foregoing paragraphs 31 through 32 are incorporated and reasserted herein by reference.

39. Epic has alleged that it is the owner of the '401 Patent, that the '401 Patent was duly and legally issued, and that ShopSavvy has infringed and continues to willfully infringe the '401 Patent.

40. There has been and is now an actual controversy between ShopSavvy and Epic as to the non-infringement of the '401 Patent.

41.     ShopSavvy has no adequate remedy at law.

42.     ShopSavvy seeks a declaration that it does not infringe any valid or enforceable claim of the '401 Patent, directly or indirectly and a declaration that each claim of the '401 Patent is invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, ShopSavvy respectfully requests that Epic's Complaint be dismissed with prejudice and that the Court award ShopSavvy all costs incurred herein and grant such other and further relief, at law or in equity, to which the ShopSavvy may be justly entitled, in equity or at law.  Further, ShopSavvy prays that the Court enter a judgment for ShopSavvy and against Epic as follows:

(1)     containing a declaration that ShopSavvy does not infringe the '401 Patent;

(2)     containing a declaration that the '401 Patent is invalid;

(3)     awarding all costs of suit;

(4)     containing a declaration that this is an exceptional case under 35 U.S.C. § 285 and award ShopSavvy its reasonable attorneys' fees; and

(5)     awarding all other relief to which ShopSavvy may be entitled in law or equity.

DATED this 18th day of May, 2012

/s/ C.J. Veverka
C.J. Veverka
MASCHOFF GILMORE & ISRAELSEN
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2012, I caused a true and correct copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** to be filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

Trent Baker
BAKER & ASSOCIATES PLLC
470 East Ninth Avenue
Salt Lake City, Utah 84103

*Attorneys for Plaintiff*

                                                  */s/ C.J. Veverka*
                                                   C.J. Veverka