UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

Trent Baker
Baker & Associates PLLC
470 East 9th Avenue
Salt Lake City, Utah 84103
801-533-4095 direct line
trent@bakeriplaw.com

*Attorney for Plaintiff, EPIC TECHNOLOGY LLC*

| | |
|---|---|
| **EPIC TECHNOLOGY LLC**<br><br>*Plaintiff,*<br><br>v.<br><br>**SHOPSAVVY INC.**<br><br>*Defendant.* | ATTORNEYS' PLANNING MEETING REPORT<br><br><br>Magistrate Judge David Nuffer<br><br>Civil Case No. 2:12-cv-00249 |

1. **PRELIMINARY MATTERS**

    a. The nature of the claims and affirmative defenses is:

    Plaintiff asserts claims of infringement of U.S. Patent 7,917,401.   Defendant asserts multiple affirmative defenses and counterclaims for declaratory judgment of non-infringement and invalidity.

    b. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 11, 2012 via telephone conference.

    c. The following were in attendance:

    Trent H. Baker, counsel for EPIC TECHNOLOGY LLC

    William J. Garrison, counsel for SHOPSAVVY INC.

    d. The parties do not request an initial pretrial scheduling conference with the court prior to entry

    of the scheduling order.

  e. The parties will exchange by August 15, 2012 the initial disclosures required by Rule 26(a)(1).

  f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

**2. DISCOVERY PLAN**

The parties jointly propose to the court the following discovery plan:

  a. Discovery is necessary on the following subjects: infringement, damages, non-infringement, and invalidity.

  b. Discovery phases.

    Discovery is not to be conducted in phases.

  c. Designate the discovery methods to be used and the limitation to be imposed.

      i. Depositions

      The parties propose that each side is limited to a total of 15 fact depositions, excluding experts depositions and depositions under Rule 30(b)(6).  The parties stipulate that a deposition may be taken or attended by telephone pursuant to Rule 30(b)(4).

      ii. Interrogatories

      The parties propose that each party be limited to a total of 25 interrogatories to each other party.

      iii. Requests for Admission

      Parties adopt limits and procedure according to the rules.

      iv. Requests for Production of Documents

        Parties adopt limits and procedure according to the rules.

    v. Other discovery methods: None.

d. The parties agree that documents and electronically stored information shall be produced electronically in a Portable Data Format (PDF) with OCR text.  Any party may request that Electronically Stored Information be produced in native form where production in PDF alters the integrity of the document.

3. **AMENDMENTS OF PLEADINGS AND ADDITION OF PARTIES:**

   a. The cutoff dates for filing a motion to amend pleadings are:

       Plaintiff 2/15/13        Defendants 2/15/13

   b. The cutoff dates for filing a motion to join additional parties are:

       Plaintiff 2/15/13        Defendants 2/15/13

4. **EXPERT REPORTS:**

   a. Reports from experts under Rule 26(a)(2) will be submitted on:

       Reports on issues for which the party bears the burden of proof: 04/15/13

       Counter reports: 05/15/13

   b. The parties stipulate to the following regarding experts:

       Oral and written communications between an expert witness for any party or parties on the one hand and the party or parties, or their attorneys or representatives employing such expert on the other hand, and which are made in connection with the expert witness' engagement for this case shall not be discoverable unless relied upon directly to form an opinion in the expert's report.  Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this case shall not be discoverable.  All notes, memoranda, invoices, and other writings of an experts witness that are prepared in connection with the expert witness' engagement for this

case shall not be discoverable. The provisions of Fed. R. Civ. P. 26(a)(2)(B) regarding the content of a report of an expert report are not changed by this stipulation.

5. **OTHER DEADLINES:**

    a. Discovery Cutoff:       Fact: 04/15/13       Expert: 06/15/13

    b. Supplementation of discovery shall be due within a reasonable period of time, not to exceed sixty (60) days after the party learns of the evidence, but in no event later than the cutoff for fact discovery.

    c. Deadline for filing dispositive or potentially dispositive motions and *Daubert* motions is 06/15/13.

6. **ADR/SETTLEMENT:**

    a. The potential for resolution before trial is:  ___ good   _X_ fair   ___ poor

    b. The case should be referred to the court's alternative dispute resolution program for:

        ____ arbitration        ____ mediation

    c. The case should be re-evaluated for settlement/ADR resolution on:

        After the issuance of the claim construction order.

7. **TRIAL AND PREPARATION FOR TRIAL:**

    a. This case should be ready for Jury trial by 08/15/13

    b. The estimated length of the trial is: 5-10 days


 /s/ Trent Baker_____     date: 07/12/12
Trent H. Baker, *Attorney for plaintiff*
BAKER & ASSOCIATES PLLC


 /s/ William J. Garrison___     date: 07/13/12
William J. Garrison, *Attorney for defendant*
BELL NUNNALLY & MARTIN